UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERRY LEGGETT,<br>    *Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:21-CV-789-SH |
| MAC HAIK FORD, LTD d/b/a AUSTIN<br>MAC HAIK FORD LINCOLN<br>MERCURY and DUANE HARRIS,<br>    *Defendants* | §<br>§<br>§<br>§ | |

## ORDER

This case is set for a final pretrial conference and evidentiary hearing on May 31, 2023 and jury trial on June 5, 2023. Dkt. 33; Dkt. 57.

First, the parties' Joint Motion for Continuance, filed May 25, 2023 (Dkt. 58), is hereby **DENIED** for failure to show good cause.

Second, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). This case is before the Court only on the basis of federal question jurisdiction; Plaintiff and both Defendants are Texas residents, so diversity jurisdiction is lacking. 28 U.S.C. §§ 1331, 1332; Complaint (Dkt. 1) ¶¶ 4-7. Plaintiff asserts his claim under the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (2020). *Id.* ¶¶ 1-2. The FFCRA applied only to govern private-sector employers with more than 50 but fewer than 500 employees. Dkt. 1 ¶ 25; Pub. L. No. 116-127, § 110(a)(1)(B). The FFCRA expired on December 31, 2020. *Wilson v. Marshall Shredding, L.L.C.*, No. 22-50709, 2023 WL 3151078, at *2 (5th Cir. Apr. 28, 2023) (per curiam).

Defendant Mac Haik Ford, LTD ("Mac Haik") admitted in its Answer that it employs more than 50 but less than 500 employees and thus is governed by and subject to the statute under which Plaintiff brings his claims. Dkt. 4 ¶¶ 22, 34. But on May 17, 2023 – less than three weeks before trial – Defendants filed an Opposed Motion for Leave to Amend Answer, in which they seek to change their admissions to denials that Mac Haik employs more than 50 but less than 500 employees. Dkt. 46-1 ¶¶ 22, 34. Defendants explain the basis for their motion in one sentence: "Only recently, when the Mac Haik corporate individuals became involved and aware was it disclosed that Mac Haik Corporate had determined that the FFCRA is inapplicable to them because they are a large corporate entity with more than 500 employees." Dkt. 46 ¶ 5.

If the FFCRA is inapplicable to Defendants, this Court may lack subject-matter jurisdiction to hear this case. Moreover, the Court may consider summary judgment "after identifying for the parties material facts that may not be genuinely in dispute" under Rule 56(f)(3).

Accordingly, the Court has set an evidentiary hearing on Defendants' Motion for Leave to Amend during the final pretrial conference, which has been scheduled for more than three months. Dkt. 57; *see also* Dkt. 33. Showing the number of Mac Haik's employees should be a simple matter requiring no more than one defense witness, who will be subject to cross-examination by Plaintiff. Should Defendants fail to establish their good-faith basis for moving to amend their Answer "to affirmatively deny that they employed more than 50 but less than 500 employees during the relevant period for Plaintiff's cause of action," Dkt. 46 at 2, their Motion for Leave to Amend will be denied and they may be subject to appropriate sanctions.

Finally, there is no indication that the parties have conferred on their objections to pretrial submissions, as required by the Court's Third Amended Scheduling Order. Dkt. 33 at 2-3. The Court therefore **DENIES** all objections asserted in Plaintiff's Objections to Defendants['] Trial

Exhibits and Motion in Limine Items (Dkt. 51) and Defendants' Objections to Plaintiff's Pre-Trial Submissions (Dkt. 56) without prejudice to reassertion at the final pretrial conference if the parties satisfy the Court that they have conferred in a good-faith effort to resolve all objections.

**SIGNED** on May 26, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE