# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **TERRY LEGGETT,** *Plaintiff* § § § | |
| v. § § | Case No. 1:21-CV-789-SH |
| **MAC HAIK FORD, LTD d/b/a AUSTIN MAC HAIK FORD LINCOLN MERCURY and DUANE HARRIS,** *Defendants* § § § § | |

## ORDER

Before the Court are Defendants' Opposed Motion for Leave to Amend Answer, filed May 17, 2023 (Dkt. 46), and Plaintiff's Response to Defendant's Motion for Leave to Amend Answer, filed May 24, 2023 (Dkt. 50). The Court held an evidentiary hearing on the Motion for Leave on this day. As stated on the record, the Court rules as follows.

### I.  Background

Plaintiff Terry Leggett sues his former employer, Mac Haik Ford, Ltd. d/b/a Austin Mac Haik Ford Lincoln Mercury ("Mac Haik"), alleging violations of the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"). Dkt. 1 (Complaint) ¶ 1. Leggett worked as a general sales manager at the Mac Haik Ford Lincoln Mercury car dealership in Georgetown, Texas, from July 2007 until his termination on January 18, 2021. *Id.* ¶ 3. On December 5, 2020, he was exposed to a customer with COVID-19 while at work. *Id.* ¶ 9. After his exposure, Leggett began experiencing COVID-19 symptoms and tested positive. *Id.* ¶ 10. Under instructions from Mac Haik and his doctor, Leggett self-quarantined and could not return to work until he tested negative, which he did on Saturday, December 26, 2020. *Id.* ¶ 15. Leggett

returned to work on Monday, December 28, 2020. He alleges that he received a disciplinary writeup for "attendance" on January 11, 2021, and was terminated one week later. *Id.* ¶¶ 17-18.

On September 8, 2021, Leggett sued Mac Haik and his direct supervisor, Duane Harris ("Defendants"), alleging that they violated the EPSLA and FFCRA by failing to provide him with paid sick leave, interfering with his right to take protected sick leave, and retaliating against him for taking sick leave by terminating his employment. Leggett alleges that Harris is "individually liable to Plaintiff (jointly and severally with Mac Haik) under the FFCRA." *Id.* ¶ 44. He seeks actual damages, liquidated damages, and attorneys' fees. ¶¶ 68-70.

In their Original Answer, filed October 4, 2021, Defendants deny that Leggett's termination "had anything to do with Plaintiff's COVID-19 exposure, infection and quarantine." Dkt. 4 ¶ 18. They allege that Leggett was fired for "insubordination" after they took "previous corrective actions, including demotion, verbal counseling, and written reprimands regarding the Plaintiff's failure to follow the instructions of his supervisor, attendance, and performance." *Id.* ¶ 3.

This case is set for jury trial on June 5, 2023. Dkt. 33 ¶ 1. The amended pleading deadline expired January 17, 2022, and the discovery deadline expired May 17, 2022. Dkt. 15 ¶¶ 1, 6.

## II. Statutory Framework

Congress enacted the Families First Coronavirus Response Act, Pub. L. 116-127, 134 Stat. 178 (2020), in response to the onset of the COVID-19 pandemic. *Wilson v. Marshall Shredding LLC*, 616 F. Supp. 3d 633, 640 (W.D. Tex. 2022), *aff'd*, No. 22-50709, 2023 WL 3151078 (5th Cir. Apr. 28, 2023) (per curiam). The Emergency Paid Sick Leave Act was a component of the FFCRA. *Id.* The EPSLA required "employers" to provide up to 80 hours of paid sick leave for employees who were ill, quarantined, or seeking treatment as a result of COVID-19, or caring for those who were sick or quarantined as a result of COVID-19. *Id.* The FFCRA and EPSLA also made it "unlawful for any employer to discharge, discipline, or in any other manner discriminate against

an employee who – (1) takes leave in accordance with the Act; and (2) has filed any complaint or instituted or causes to be instituted any proceeding under or related to this Act." *Id.*

The FFCRA and EPSLA applied only to private-sector employers who employed more than 50 but less than 500 employees. Pub. L. 116-127 § 110(a)(1)(B). They expired December 31, 2020. *Id.* § 5109.

### III.   Analysis

In their Original Answer, Defendants admitted that: "Upon information and belief, Defendants admit that Mac Haik employs more than 50 but less than 500 employees." Dkt. 4 ¶¶ 22, 34. They now seek leave under Federal Rule of Civil Procedure 15(a)(2) to file a Second Amended Answer "to affirmatively deny that they employed more than 50 but less than 500 employees during the relevant period of Plaintiff's cause of action." Dkt. 46 at 2. Defendants assert that they recently discovered that "the FFCRA is inapplicable to them because they are a large corporate entity with more than 500 employees." Dkt. 46 at 2. They argue that the Court should grant them leave to amend their Answer under Rule 15(a)(2) because "justice so requires." *Id.* at 3.

Leggett opposes Defendants' Motion for Leave "at this late date," arguing that Defendants have failed to show good cause under Rule 16(b) for the untimely amendment. Dkt. 50 at 4. Leggett contends that Rule 16(b)'s "good cause" standard applies here instead of Rule 15(a)(2)'s more lenient standard because the amended pleading deadline in the Scheduling Order has expired.

Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires a showing that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F. 3d at 535. If

the movant shows good cause, "the more liberal standard of Rule 15(a)" applies. *Id.* Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."

It is undisputed that Defendants' Motion for Leave was untimely. Thus, Rule 16(b)(4) applies, and Defendants must show good cause to modify the Scheduling Order. The Court considers four factors in determining whether a motion under Rule 16(b)(4) should be granted:

1. the explanation for the failure to timely move for leave to amend;
2. the importance of the amendment;
3. potential prejudice in allowing the amendment; and
4. the availability of a continuance to cure such prejudice.

*S & W Enters.*, 315 F. 3d at 536. The Court addresses each factor in turn.

**A. Explanation for Failure to Timely Move to Amend**

Defendants' explanation for their failure to timely move to amend is very weak. They argue that they did not move to amend earlier because (1) "At the time of Defendants' Original Answer, analysis was still being completed to determine how to calculate employees under the FFCRA"; and (2) counsel "was only corresponding with the individuals at the store level," and "[o]nly recently, when the Mac Haik corporate individuals became involved and aware was it disclosed that Mac Haik Corporate had determined that the FFCRA is inapplicable to them because they are a large corporate entity with more than 500 employees." Dkt. 46 at 2.

Defendants' explanation is inadequate. That Defendants were unsure how to calculate employees under the FFCRA does not explain their admission that they employed fewer than 500 employees; they could have stated that the answer was unclear. In addition, that counsel did not discover Mac Haik was a large corporate entity until "Mac Haik corporate individuals became involved" does not explain defense counsel's lack of diligence in attempting to discover whether the statute applied *for nearly two years*. The first factor weighs heavily against amendment.

4

### B. Importance of Amendment

In order to succeed on any of his claims against Defendants, Leggett must show that Mac Haik is a "covered employer" under the FFCRA and EPSLA. To show that Mac Haik is a covered employer, Leggett must show that Mac Haik employs fewer than 500 employees. Pub. L. 116-127 § 110(a)(1)(B). If Defendants prove that Mac Haik had more than 500 employees at the relevant time, Mac Haik is not a covered employer under the statutes and all of Plaintiff's claims fail. *See Price v. Ajinomoto Foods N. Am., Inc.*, No. 3:20-CV-00253-GHD-RP, 2021 WL 5068530, at *2 (N.D. Miss. Nov. 1, 2021) (dismissing claims under FFCRA where defendant submitted undisputed evidence that it employed over 2,000 employees and thus FFCRA did not apply); *Bruce v. Olde England's Lion & Rose Rim, LLC*, No. SA-20-CV-00928-XR, 2021 WL 4953910, at *4 (W.D. Tex. Oct. 25, 2021) (stating that the EPSLA covers only "those private entities or individuals engaging in commerce or in an industry affecting commerce and employing fewer than 500 employees"). Because the amendment could be case-dispositive, the Court finds that this factor strongly favors a finding of good cause.

### C. Potential Prejudice and Availably of a Continuance

Finally, Leggett argues that permitting Defendants to amend their Answer at this late date will severely prejudice him because trial is set for June 5, 2023, and he has had no opportunity to conduct discovery on the issue raised in the amendment. The Court agrees that permitting Defendants to amend their Answer on the eve of trial would severely prejudice Leggett, so the third factor weighs against a finding of good cause.

To alleviate that prejudice, the Court grants a continuance of the trial and permits Leggett to conduct discovery on the number of employees at Mac Haik during the relevant time. Because a continuance is available, the fourth factor favors a good cause finding.

5

### D. Conclusion as to Motion to Amend

As stated at the hearing, having considered the relevant factors, the Court finds that Defendants have shown good cause to modify the scheduling order and that justice requires the Court to **GRANT** Defendants' Opposed Motion for Leave to File Second Amended Answer (Dkt. 46).

### IV. Settings and Extension of Deadlines

As stated on the record, the Court **HEREBY CANCELS** the jury trial scheduled for June 5, 2023, and will reset the trial at a later date if necessary.

At the conclusion of the evidentiary hearing, the parties agreed that a fact issue exists as to whether Defendant Mac Haik Ford, Ltd d/b/a Mac Ford Lincoln Mercury is a covered employer under the FFCRA. Pursuant to Rules 16(b)(4) and 56, the parties have until **September 29, 2023** to complete discovery limited to that issue. Plaintiff and Defendants each have until **November 15, 2023** to file a brief addressing that issue **limited to 20 pages** and until **December 1, 2023** to file a response, if any, **limited to 10 pages**.

**SIGNED** on May 31, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE