UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERRY LEGGETT,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:21-CV-789-SH |
| MAC HAIK FORD, LTD d/b/a AUSTIN<br>MAC HAIK FORD LINCOLN<br>MERCURY and DUANE HARRIS,<br>*Defendants* | §<br>§<br>§<br>§ | |

## ORDER

Now before the Court are Plaintiff's Motion for Sanctions, filed June 13, 2023 (Dkt. 67); the Opposed Motion of Plaintiff to Withdraw Motion for Sanctions [Doc. 67] Without Prejudice, filed June 30, 2023 (Dkt. 69); and the associated response and reply briefs.[1]

Plaintiff Terry Leggett sued his former employer, Mac Haik Ford, Ltd. d/b/a Austin Mac Haik Ford Lincoln Mercury ("Mac Haik"), alleging violations of the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"). Dkt. 1 (Complaint) ¶ 1. The FFCRA and EPSLA, which expired in 2020, applied only to private-sector employers who employed more than 50 but less than 500 employees. Pub. L. 116-127 § 110(a)(1)(B).

In their Original Answer, filed October 4, 2021, Defendants admitted that: "Upon information and belief, Defendants admit that Mac Haik employs more than 50 but less than 500 employees." Dkt. 4 ¶¶ 22, 34. Nearly two years later and just three weeks before trial, Defendants sought leave to amend their answer "to affirmatively deny that they employed more than 50 but less than 500 employees during the relevant period of Plaintiff's cause of action." Dkt. 46 at 2. Defendants

---

[1] If the parties cannot reach agreement, the Court will take up Plaintiff Terry Leggett's Opposed Motion for Leave to Request Additional Discovery from Mac Haik Ford, Ltd, and Duane Harris, filed September 15, 2023 (Dkt. 74), after it is ripe.

1

asserted that they recently discovered that "the FFCRA is inapplicable to them because they are a large corporate entity with more than 500 employees." *Id.* Finding that justice so required, the Court granted Defendants' motion to amend, canceled the trial date, and permitted the parties to conduct discovery limited to the potentially dispositive issue of whether Mac Haik is a covered employer under the FFCRA.

Leggett then moved for an award of his attorney fees and costs for his response to Defendants' motion to amend and related discovery as a sanction under Rule 11. Dkt. 67. Defendants argued in response that Leggett's motion fails on the merits and also because it was filed prematurely, violating the safe harbor provision of Rule 11(c)(2), which requires service of a motion for sanctions 21 days before filing. Dkt. 68 at 1.

Leggett now moves to withdraw his motion for sanctions without prejudice to refiling. Dkt. 69. In opposing withdrawal, Defendants contend that Leggett "should not be permitted to get a second bite at the apple." Dkt. 70 at 2. Defendants' argument against withdrawal is not persuasive.

The Court **GRANTS** the Opposed Motion of Plaintiff to Withdraw Motion for Sanctions [Doc. 67] Without Prejudice (Dkt. 69) and **ORDERS** that Plaintiff's Motion for Sanctions (Dkt. 67) is **WITHDRAWN without prejudice** to refiling.

**SIGNED** on September 20, 2023.

                                            SUSAN HIGHTOWER
                                            UNITED STATES MAGISTRATE JUDGE