# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TERRY LEGGETT,  §<br>　　*Plaintiff*　　　　　　　§<br>　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　§<br>　　　　　　　　　　　　　§<br>MAC HAIK FORD, LTD d/b/a AUSTIN §<br>MAC HAIK FORD LINCOLN　　　§<br>MERCURY and DUANE HARRIS,　§<br>　　*Defendants*　　　　　§ | Case No. 1:21-CV-789-SH |

## ORDER

Now before the Court are Plaintiff Terry Leggett's Opposed Motion for Leave to Request Additional Discovery from Mac Haik Ford, Ltd, and Duane Harris, filed September 15, 2023 (Dkt. 74), and Defendant's Response in Opposition to Plaintiff's Motion for Leave to Request Additional Discovery, filed September 21, 2023 (Dkt. 76).[1]

Plaintiff Terry Leggett sued his former employer, Mac Haik Ford, Ltd. d/b/a Austin Mac Haik Ford Lincoln Mercury ("Mac Haik"), alleging violations of the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"). Dkt. 1 (Complaint) ¶ 1. The FFCRA and EPSLA, which expired in 2020, applied only to private-sector employers who employed more than 50 but less than 500 employees. Pub. L. 116-127 § 110(a)(1)(B).

In their Original Answer, filed October 4, 2021, Defendants admitted that: "Upon information and belief, Defendants admit that Mac Haik employs more than 50 but less than 500 employees." Dkt. 4 ¶¶ 22, 34. Nearly two years later and just three weeks before trial, Defendants sought leave to amend their answer "to affirmatively deny that they employed more than 50 but less than 500 employees during the relevant period of Plaintiff's cause of action." Dkt. 46 at 2. Defendants

---

[1] Under Local Rule CV-7(e)(2) of the Local Court Rules of the United States District Court for the Western District of Texas, the Court "need not wait for a reply before ruling on a motion."

1

asserted that they recently discovered that "the FFCRA is inapplicable to them because they are a large corporate entity with more than 500 employees." *Id.*

Finding that justice so required, the Court granted Defendants' motion to amend, canceled the trial date, and permitted the parties to conduct discovery limited to the potentially dispositive fact issue of whether Mac Haik is a covered employer under the FFCRA. Dkt. 64. The Court gave the parties until September 29, 2023 to complete discovery limited to that issue and set a schedule for briefing on the issue. *Id.*

Leggett now seeks leave to propound on Mac Haik two additional interrogatories and four requests for production concerning whether any Mac Haik dealership:

1. took or claimed a federal income tax credit, or received any other tax benefit available to it under the FFCRA, for wages paid to any employee for leave under the EPSLA or the Emergency Family and Medical Leave Expansion Act, and

2. either applied for or received any money, funding, or any other monetary benefit under the Paycheck Protection Program ("PPP").

Dkt. 74-3 at 7. The requests seek "all documents . . . that either proves or dispels" Mac Haik's answers to these two interrogatories. *Id.* at 8. Leggett argues that this discovery may be dispositive because it will determine:

> whether Defendant Mac Haik Ford, Ltd. has either directly or indirectly certified previously that it is a covered employer under the FFCRA. To that end, Defendants may be estopped from claiming that Mac Haik Ford, Ltd., as an integrated employer with other Mac Haik auto dealerships, employed over 500 employees at times relevant to Plaintiff's claims.

Dkt. 74 at 1-2.

Mac Haik argues in response that this discovery is irrelevant because (1) it is not subject to the FFCRA or EPSLA as an integrated employer and "did not utilize any sick leave tax credits under Section 7001 of the FFCRA," and (2) its franchisees were eligible for loans under the PPP regardless of the number of employees. Dkt. 76 at 3. It contends:

> Contrary to Plaintiffs' assertion, Mac Haik can have it both ways. It can be a covered employer under the FFCRA, who provided FFCRA benefits such as the paid sick leave found in the EPSLA, and who took the FFCRA tax credits, therefore could still be eligible for PPP funding; and it can be an integrated employer with more than 500 employees.

*Id.* at 4. Mac Haik also argues that the discovery Leggett seeks "is needlessly burdensome. Instead of producing numerous tax returns and other tax documents for each of the individual dealerships, the information Plaintiff seeks could easily be obtained by an affidavit from Mac Haik's accounting firm to the effect of whether it did or did not take the credit." Dkt. 76 at 3.

Having considered the parties' arguments and the record as a whole, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff Terry Leggett's Opposed Motion for Leave to Request Additional Discovery from Mac Haik Ford, Ltd, and Duane Harris (Dkt. 74). The Court finds that Leggett's interrogatories are relevant to the potentially dispositive fact issue of whether Mac Haik is a covered employer under the FFCRA and therefore **GRANTS** the motion as to Leggett's Fourth Set of Interrogatories (Dkt. 74-3 at 7). Mac Haik is **ORDERED** to serve its responses to those interrogatories by **October 16, 2023**. The Court **DENIES** Leggett's motion as to his Fourth Request for Production, finding that those requests are not proportional to the needs of this case. In lieu of those document requests, Mac Haik is **ORDERED** to serve an affidavit from its accounting firm supporting its responses to both interrogatories in Leggett's Fourth Set of Interrogatories by **October 16, 2023**.

The briefing deadlines in the Court's May 31, 2023 Order (Dkt. 64 at 6) remain as set.

**SIGNED** on September 22, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE